IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **LAURA LEE DAVILA,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 5:22-cv-00297 |
| **WELLS FARGO BANK, N.A. AND** | § | |
| **JUAN FERNANDEZ,** | § | |
| | § | |
| *Defendants*. | § | |

## NOTICE OF REMOVAL

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Wells Fargo Bank, N.A. ("Defendant") hereby removes this action from the 438th Judicial District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division, and as grounds for removal state as follows:

### I. STATE COURT ACTION

1. On February 28, 2022, Plaintiff Laura Lee Davila ("Plaintiff") filed Plaintiff's Original Petition and Application for Temporary Restraining Order (the "Complaint") in the 438th Judicial District Court of Bexar County, Texas, styled *Laura Lee Davila vs. Wells Fargo Bank, N.A. et al.,* Cause No. 2022CI03647 (the "State Court Action").

2. In the State Court Action, Plaintiff seeks to prevent the foreclosure sale of the real property located at 19002 Timber Park St., San Antonio TX 78250 (the "Property"). *See* Compl. at ¶10. Plaintiff alleges that Defendant scheduled a foreclosure sale for March 1, 2022, despite there being no default to justify foreclosure. *Id.* at ¶12. Plaintiff further alleges that Defendant charged Plaintiff an unconscionable rate of interest. *See* Compl. at ¶ 9. On the basis of these

allegations, Plaintiff brings claims of breach of contract against Defendant, and seeks a declaration that the notice of acceleration is problematic and defective under the Texas Declaratory Judgment Act. *See* Compl. at ¶¶ 16-22. Plaintiff also seeks a temporary injunction enjoining Defendant from foreclosing on the Property, actual damages, attorneys' fees and court costs.

3. With this Notice of Removal, Defendant removes the State Court Action to this Court on the basis of diversity jurisdiction, as more fully described below.

## II. PROCEDURAL REQUIREMENTS

4. This action is properly removed to this Court, as the lawsuit is pending within this district and division. See 28 U.S.C. § 1441; 28 U.S.C. § 124(d)(4).

5. This removal is timely. Defendant is removing this case within thirty days of being properly served or otherwise appearing in the State Court Action. 28 U.S.C. § 1446(b).

6. Pursuant to 28 U.S.C. § 1446(a), attached hereto as **Exhibit A** is a true and correct copy of the file from the State Court Action at the time of this removal.

7. Pursuant to 28 U.S.C. § 1446(d), Defendant is, simultaneously with the filing of this Notice of Removal, (1) serving Plaintiff with a copy of the Notice of Removal, and (2) filing a copy of the Notice of Removal in the 438th Judicial District Court of Bexar County, Texas.

## III. DIVERSITY OF CITIZENSHIP

8. Where there is complete diversity among the parties and the amount in controversy exceeds $75,000, an action may be removed to federal court. 28 U.S.C. §§ 1332(a) and 1441(a). Complete diversity exists in this case because no properly joined defendant is a citizen of Texas or of the same state as Plaintiff. As set forth below, the amount in controversy requirement is also satisfied.

A.     **Diversity of Citizenship**

9.      Plaintiff is a natural person, so her citizenship for diversity purposes is determined by "where [she is] domiciled, that is, where [she is] a fixed resident with the intent to remain there indefinitely." *Margetis v. Ray*, No. 3:08-CV-958-L, 2009 WL 464962, at *3 (N.D. Tex. Feb. 25, 2009) (citing *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985)). Plaintiff is domiciled in Bexar County, Texas. *See* Compl. at 2. Therefore, Plaintiff is a citizen of Texas for diversity purposes.

10.     Wells Fargo is a national banking association. Accordingly, its citizenship is determined solely by the location of its main office, as designated in its articles of association. *See* 28 U.S.C. § 1348. Wells Fargo's main office is located in South Dakota. Therefore, Wells Fargo is a citizen of South Dakota for diversity purposes.

11.     Juan Fernandez ("Fernandez") has also been named as a defendant in this case; however, his citizenship should be disregarded because he was improperly joined. The Fifth Circuit has established that improper joinder exists if there is: (1) actual fraud in the pleading of jurisdictional facts; or (2) no possibility that the plaintiff would be able to establish a cause of action in state court against the defendant whose citizenship prevents removal. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004); *see also Cantor v. Wachovia Mortgage, FSB*, 641 F. Supp. 2d 602, 606 (N.D. Tex. 2009); *Shields v. Bridgestone/Firestone, Inc.*, 232 F. Supp. 2d 715, 719 (E.D. Tex. 2002). A "mere theoretical possibility of recovery under local law" is insufficient and will not preclude a finding of improper joinder. *Smallwood,* 385 F.3d at 573 n.9; *see also Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 328 (5th Cir. 2002).

12.     The Complaint fails to assert any claims against Fernandez or allege any facts or conduct which would give rise to a cause of action against Fernandez. (*See generally*, the

Complaint).  Nowhere in the Petition does Plaintiff make any allegations against, or seek recovery from, Fernandez.  Plaintiff makes no allegation, moreover, that Fernandez retains any interest in the subject property.

13. Plaintiff does not allege any specific facts or conduct which would give rise to a claim or cause of action against Fernandez. Plaintiff does not even raise the "theoretical possibility" that any such claim could be maintained against Fernandez. Accordingly, Plaintiff has not raised a reasonable possibility that any claim could be maintained against Fernandez, and Fernandez has been improperly joined.

14. Moreover, even if Plaintiff could establish a cause of action against Fernandez, Fernandez's citizenship should be disregarded because he is, at most, a nominal party.  Removal is proper if there is diversity of citizenship among the parties in interest properly joined. *Sun River Energy, Inc. v. Mirador Consulting Inc.*, No. 3:11-CV-1132-K, 2011 WL 3703229, at *2 (N.D. Tex. Aug. 19, 2011). "'Parties in interest' do not include formal or unnecessary parties, thus a plaintiff's joinder of such parties . . . cannot prevent the removal of an action to federal court." *Id.* "Whether a party is 'nominal' for removal purposes depends on 'whether, in the absence of the [defendant], the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to the plaintiff.'" *Acosta v. Master Maint. & Constr., Inc.*, 452 F.3d 373, 379 (5th Cir. 2006) (quoting *Tri-Cities Newspapers, Inc. v. Tri-Cities P.P. & A. Local 349*, 427 F.2d 325, 327 (5th Cir. 1970) (alterations in original)). Here, Fernandez's presence as a party is not necessary.  The Court will be able to enter a fair and equitable final judgment regarding the Property in the absence of Fernandez. *See Acosta*, 452 F.3d at 379. Accordingly, Fernandez is a nominal party.

15.     Because Plaintiff and Wells Fargo are citizens of different states, and because Fernandez's citizenship should be disregarded for the reasons set forth herein, there is complete diversity in this case.

**B.     Amount in Controversy is also satisfied.**

16.     The amount-in-controversy element is also satisfied.  Where a defendant can show, by a preponderance of the evidence, that the amount in controversy is greater than the jurisdictional amount, removal is proper.  *See White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675 (5th Cir. 2003); *see also St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 n.13 (5th Cir. 1998) ("The test is whether it is more likely than not that the amount of the claim will exceed [the jurisdictional minimum].").  The defendant can meet its burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000 or, alternatively, if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds $75,000.  *E.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Greenberg*, 134 F.3d at 1253. "The amount in controversy is determined from the perspective of the plaintiff, and the proper measure is the benefit to the plaintiff, not the cost to the defendant."  *Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009).  To determine the amount in controversy, a court may consider actual damages, exemplary damages, and attorney fees. *White*, 319 F.3d at 675–76.

17.     "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."  *Farkas v. GMAC Mortgage, LLC*, 737 F.3d 338, 341(5th Cir. 2013) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)); *Martinez v. BAC Home Loans Servicing*, 777 F. Supp. 2d. 1039, 1044 (W.D. Tex. 2010).  Specifically, the *Farkas* Court held that: "[i]n actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the

property itself that is the object of the litigation; the value of that property represents the amount in controversy." *Id.* (citing *Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973)). Thus, "'[w]hen . . . a right to property is called into question in its entirety, the value of the property controls the amount in controversy.'" *Nationstar Mortgage LLC v. Knox*, No. 08-60887, 351 Fed. App'x 844, 848 (5th Cir. 2009) (quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961)); *see also Alsobrook v. GMAC Mortg., L.L.C.,* 541 Fed. App'x. 340, 342 n.2, (5th Cir. 2013); *Copeland v. U.S. Bank Nat'l Ass'n*, No. 11-51206, 485 Fed. App'x 8, 9 (5th Cir. 2012) (relying on the value of the property to satisfy the amount in controversy in exercising diversity jurisdiction over appeal of foreclosure-related claims).

18. Because Plaintiff is seeking injunctive relief, the amount in controversy is determined by the value of the Property. *See Knox*, 351 Fed. App'x at 848; *Turner v. JP Morgan Chase Bank, N.A.*, No. 3:12-CV-2701-M (BF), 2013 WL 2896883, at *3 (N.D. Tex. June 13, 2013) (using current market value of property from the Dallas Central Appraisal District in finding amount in controversy satisfied where plaintiff sought to prevent foreclosure) (citing *Copeland*, 485 Fed. App'x at 9 ("[T]he amount in controversy exceeds $75,000 due to the value of the subject property . . . .")). According to the Bexar County Appraisal District, the current value of the Property is $211,230. A true and correct copy of the Bexar County Appraisal District property information is attached hereto as **Exhibit B**.[1] Thus, the value of the Property alone satisfies the amount in controversy requirement.

19. Although Defendant vehemently denies that Plaintiff is entitled to any injunctive relief or damages, once the value of the Property and damages sought are included in the amount

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, Defendants respectfully request that the Court take judicial notice of the Bexar Central Appraisal District tax record for the Property. Defendant does not contend that this particular appraisal constitutes the most accurate valuation of the Property. Such appraisal is provided only for the purpose of establishing a base line value to prove that the amount in controversy requirement is satisfied.

**NOTICE OF REMOVAL** **PAGE 6**

in controversy calculus, it is clear that the amount in controversy exceeds $75,000, exclusive of interest and costs.

20. Because there is complete diversity between the parties and the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. § 1332 and removal is proper.

## IV. PRAYER

WHEREFORE, Defendant removes this action from the 438th Judicial District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

**LOCKE LORD LLP**

/s/*Camille Griffith*
**Robert T. Mowrey**
  State Bar No. 14607500
  rmowrey@lockelord.com
**Arthur E. Anthony**
  State Bar No. 24001661
  aanthony@lockelord.com
**Camille Griffith**
  State Bar No. 24034761
  camille.griffith@lockelord.com
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-2750
(214) 740-8000
(214) 740-8800 (facsimile)

**COUNSEL FOR DEFENDANT**
**WELLS FARGO BANK, N.A.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served as indicated on this 25th day of March, 2022, to the following:

**VIA U.S. CERTIFIED MAIL NO. 9214 7969 0099 9790 1642 3803 76**
**RETURN RECEIPT REQUESTED**
Gregory T. Van Cleave
Albert W. Van Cleave, III PLLC
1520 W. Hildebrand
San Antonio, TX 78201
Greg_v@vancleavelegal.com

*Attorney for Plaintiff*

                                            /s/ *Camille Griffith*
                                            Camille Griffith