IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LAURA LEE DAVILA, § § § | |
| *Plaintiff,* § § | |
| vs. § § | SA-22-CV-00297-JKP |
| WELLS FARGO BANK, N.A., JUAN FERNANDEZ, § § § § | |
| *Defendants.* § | |

# REPORT AND RECOMMENDATION
# OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Judge Jason K. Pulliam:**

This Report and Recommendation concerns the above-styled cause of action, which was referred to the undersigned for all non-dispositive pretrial proceedings on April 6, 2022 [#5]. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that this case be **DISMISSED** for want of prosecution.

## I. Background

Plaintiff Laura Lee Davila originally filed this action in the 438th Judicial District of Bexar County, Texas on February 28, 2022. (Orig. Pet. [#1-1] at 1.) Plaintiff's Original Petition sues Wells Fargo Bank, N.A. and Juan Fernandez alleging breach of contract and seeking both declaratory judgment and injunctive relief. (*Id.* at 9, 12.) The claims arise out of Defendant's attempt to conduct a foreclosure sale of Plaintiff's property. (*See id.* at 11.)

Defendant Wells Fargo removed the lawsuit to this Court based on diversity jurisdiction on March 25, 2022. (Notice of Removal [#1].) After the District Court referred this case to the

1

undersigned, the Court set the case for an initial pretrial conference and ordered the parties to meet and confer and submit their proposed scheduling recommendations and Rule 26(f) report [#6]. Defendant submitted these filings but indicated that it was unsuccessful in reaching Plaintiff to confer with her on proposed deadlines and other initial matters. The Court held its pretrial conference on June 7, 2022, as ordered. Only Defendant appeared at the conference.

After Plaintiff failed to appear at the initial pretrial conference, the Court issued a show cause order, ordering Plaintiff to show cause for her absence at the conference and her failure to file the ordered pre-conference documents by filing an advisory with the Court on or before June 21, 2022 [#11]. The Order also warned Plaintiff that failure to respond to the order could result in the dismissal of her lawsuit for want of prosecution. Plaintiff failed to respond to the show cause order by the deadline provided.

A district court may dismiss an action for failure to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988) (per curiam); Fed. R. Civ. P. 41(b). In light of Plaintiff's failure to comply with this Court's Show Cause Order, the undersigned recommends that Plaintiff's Complaint be dismissed for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## II.  Conclusion and Recommendation

Having considered the record in this case, the undersigned recommends that Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE** for want of prosecution.

## III.  Instructions for Service and Notice of Right to Object/Appeal.

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified

mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 23rd day of June, 2022.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE